UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JOHN DOE, student                   )
American University                 )
4400 Massachusetts Avenue, N.W.     )
Washington, D.C. 20016              )
                                    )
              Plaintiff,            )
                                    )
     v.                             )  Civil Action No._____
                                    )
AMERICAN UNIVERSITY                 )
federally chartered corporation     )
4400 Massachusetts Avenue, N.W.     )
Washington, D.C. 20016              )
                                    )
                                    )
         and                        )
                                    )
KATSURA KURITA BELTZ                )
In official capacity only           )
Director, Judicial Affairs and      )
   Mediation Services ("JAMS")      )
4400 Massachusetts Avenue, N.W.     )
Washington, D.C. 20016              )
                                    )
              Defendants.           )
_____ )

VERIFIED COMPLAINT FOR
INJUNCTIVE AND DECLARATORY RELIEF

Summary of Action

Plaintiff John Doe[1], a student at American University ("AU") in the District of Columbia, seeks injunctive and declaratory relief to preserve his rights to prepare

---

[1] A motion to proceed, under this pseudonym is simultaneously filed under seal, providing the identity and address of plaintiff.

1

meaningfully for, and defend against allegations of rape (now denominated euphemistically as physical abuse of a serious nature). These allegations pursued against Doe under auspices of the defendants herein are in context where he is denied, among other things, the right to confront his accuser; the right to meaningful and effective assistance of an attorney and even the presence of such counsel at the hearing.

Further, Doe is forced to defend through a process tainted by procedures where the defendant making the decision to prefer charges, trains and selects the individuals who are to make these decisions and then participates in what are supposed to be impartial deliberations.

These unrealistic procedures as described in further detail hereinafter are particularly prejudicial in the instant situation where equitable proceedings are statutorily mandated in all matters involving sexual assault at AU and at other educational facilities receiving federal financial assistance. This is particularly telling here where sexual relations occurred previously between these two consenting individuals, but where one now claims that their further act of sexual intercourse was non-consensual.

Efforts to secure relief from defendants from this onerous procedure have been unsuccessful. Accordingly, with the potential for life-long adverse consequence, civil and criminal were plaintiff found responsible, Doe seeks through this lawsuit to enjoin this arbitrary proceeding now scheduled to commence at 1 pm on this Thursday, November 16, 2006.

<u>Jurisdiction and Venue</u>

1. Violations of federal law are at issue, and are as well of Constitutional dimension. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as well as pursuant to the Education Amendment Act of 1972, to wit: 20 U.S.C. § 1681 <u>et</u> <u>seq</u>. and implementing administrative authorities 34 C.F.R. Part 106.801 <u>et</u> <u>seq</u>. These authorities mandate:

    (a) that educational institutions receiving federal financial assistance must establish "equitable" procedures to resolve complaints of sexual discrimination encompassing, among others, allegations of sexual assault; and

    (b) failure to provide for such procedures violates applicable authorities, and results in arbitrary inequitable procedures, which in addition are violative of the Fifth and Fourteenth Amendments to the Constitution.

2.   Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that the District of Columbia is the judicial district in which the events or omissions giving rise to the claims occurred.

## The Parties

### (a) Plaintiff

3.   Plaintiff John Doe ("Doe") brings this action in this fictitious name to protect himself from any additional and unnecessary embarrassment. He is a 21 year old AU junior, with permanent residency outside the District of Columbia. While attending college, he resides off-campus in the District of Columbia with four housemates.  Defendants are knowledgeable as to Doe's identity as well as his permanent and student address and will be in no way prejudiced by this anonymous filing.

### (b) The Defendants

4.   Defendant American University is an institution of higher learning in the District of Columbia federally chartered by a special Act of Congress in 1893 (27 Stat. 476 as amended). It is expressly designated by Congress as a "sue and be sued" entity, and among those institutions of

higher learning that receives and accepts federal financial assistance.

5.   (a) Defendant Katsura Kurita Beltz ("Beltz")is AU's Director of Judicial Affairs and Mediation Services (referred to by its campus acronym as "JAMS"). She is sued in her official capacity only.

   (b) As JAMS Director Beltz acts pursuant to the AU Student Conduct Code (the "SCC"), and is the university's expressly authorized designee respecting student disciplinary matters, through what is stated to be "an original judicial system founded on principles of equity, fairness, and due process."

   (c) This SCC "due process" places the JAMS director in various inherently antithetical capacities.

## Factual Background

6.   On the late evening/early morning hours of September 19 and 20, 2006, Doe at his residence in the District of Columbia engaged in several acts of consensual sexual intercourse with a female AU student (hereinafter "Female Student"). Subsequently, she asserted that the last of these sexual acts was non consensual, which among other things (as reflected in her electronic instant message) was preceded by her "own power hour [of beer drinking] tonight

with the girls."

7.   Doe adamantly denies engaging in non-consensual sex with Female Student.

8.   Through a typed, unsigned document stated to be from Female Student to JAMS dated September 29, 2006 (10 days after the alleged rape) and denominated a "Confidential Statement" the statement says that Female Student is "unwilling" to attend a hearing to be convened pursuant to the SCC, and that the unsigned "statement [is] in place of my presence at the hearing." The statement further reads that "I give Sergeant [Rima] Sifri [a police officer with the AU Department of Public Safety] my full permission to speak on my behalf."

9.   Three days later on October 2, 2006, SGT Sifri then signed a so-called Judicial Complaint naming Doe as the "Respondent" and stating that SGT Sifri was the "Complainant", notwithstanding that the sergeant was not present at the time of the alleged assault. Nonetheless, with no firsthand knowledge, this officer attests that Female Student had been sexually assaulted by Doe and that Female Student's allegations are "true and accurate".  The

officer further give[s] consent to release all relevant information pertaining to this incident." Female Student, however, makes no such representation.

10. SGT Sifri states that Female Student was interviewed by Sex Crime Detectives of the Metropolitan Police Department, suggesting further action may occur, noting that "[a]s of 9/27/06 no criminal charges have been filed." The SCC, in this regard, states that "[s]tudents may be accountable both to civil authorities and to the University for acts that constitute violation of law and of the Code." IV at 78. Moreover, the AU Student Handbook specifies that "[t]he university cooperates fully with law enforcement authorities." (p.137).

11. This judicial complaint with SGT Sifri as Complainant was received by defendant Beltz, who reviewed it and had it served on Doe on or about October 5, 2006 with a predetermined hearing date of October 26 and at which among other things:  (a) permanent expulsion could result; (b) a transcript of proceedings is made, and (c) said transcript can be provided to law enforcement personnel as part of the shared and agreed cooperation.

12.  Further Female Student did not sign a witness statement form until October 16, 2006, some 17 days <u>after</u> the date of the typed statement and some 11 days <u>after</u> Doe was served with the Judicial Complaint.

13.  With no prior experience with such procedures and with no knowledge of the District of Columbia legal community, Doe was able to retain counsel on/or about October 19, 2006.  Newly retained counsel asked for an extension to prepare for the hearing, but the request was summarily denied by defendant Beltz.  When asked if there was an appeal from this decision Beltz stated there was not.  She also summarily denied a request to allow Doe to have his counsel present and participate at the hearing.

14.  On or about October 23, 2006 without consultation with Doe or Doe's counsel, defendant Beltz unilaterally rescheduled the hearing to November 16, not to accommodate Doe's need for additional time, but to accommodate the "Complainant" SGT Sifri who apparently had an injury of some sort.

>  <u>The Student Conduct Code: Arbitrary as Structured; Arbitrary as Implemented.</u>

8

      (a)    Arbitrary as Structured—Inherently Flawed

15. The SCC is AU's policy for nonacademic conduct offenses by student body members.

16. Allegations of student wrongdoing are initiated by a Judicial Complaint filed with the JAMS director who conducts "a preliminary review", SCC-XIII C, and charged with the authority to refer the matter to the "Conduct Council" a disciplinary hearing where among other things the offense at issue can result in dismissal from the university. SCC-XIII D.

17. The Conduct Council is composed of students, faculty, and staff members. The JAMS director is responsible for training Conduct Council members, selecting from the Council panel members for individual hearings and can rule on issues of bias for members she selected.  SCC-X & SV.

18. Further, the JAMS director serves as the hearing officer, is responsible for decisions on all procedural issues, which are final, conducts the hearing, and participates in hearing deliberations and discussion, but does not actually vote. SCC-XV A.

(b)   Arbitrary as Implemented

19.  Since all appeals of personal bias, procedural questions, and general appeals are heard by the hearing officer who most frequently is the JAMS Director and since many of the AU public safety officers and the like are well known to JAMS, many members of the hearing panels have personal relationships with the JAMS Director.

20.  As effectively implemented and in practice, the JAMS director effectively serves as prosecutor, finder of fact, and a jury foreman all at once,

### Still Further Fundamental Flaws

21.  The SCC does not guarantee a right to confront an accuser, and in practice (as the case herein so attests), an individual can make serious accusations and allow a police officer to substitute for an individual "unwilling" to subject her/his self to the truth telling crucible of cross examination.

22.  A respondent may <u>not</u> be represented by an attorney at a hearing, even in the instant situation where Doe could be

dismissed from school, where a transcript is made and could be made available to MPD which already has been contacted. Moreover, even to the extent that the SCC affords the respondent the right to an advisor (defined to be "an American University student, faculty, or staff member); this individual's role "is limited to consultation." SCC-XI.

## COUNT I

(Injunctive Relief)

23. Plaintiff adopts and incorporates herein each of the paragraphs set forth hereinabove as if set forth herein.

24. The Education Act of 1972 as set forth in 20 USC § 1681 et seq., 34 C.F.R. Part 1006.801 et seq., mandates that educational institutions receiving federal funding establish "equitable" procedures to hear and resolve sexual complaints, involving sexual assaults, including allegations of rape; and such equitable procedures must apply equally to both parties.

25. AU is an institution of higher education which receives and accepts federal funding, including federal

11

student financial assistance and research grants.

26. The SCC in place at AU does not meet such equitable requirements in that, as structured, it is arbitrary and inequitable, tilted unconscionably in favor of the allegedly sexually assaulted individual in that, among other things,:

(a)  the JAMS director multi-facet involvement as set forth herein above in paragraphs 15 and 19 is skewed in favor of the complainant, and brings an inherent bias to the proceeding.

(b)  the inability to confront one's accuser; and

(c)  denial of the meaningful assistance of counsel.

27. The aforesaid deficiency whether viewed separately or collectively establishes that the SCC denies Doe the right to an "equitable" proceeding in which to defend himself.

28. Were this proceeding allowed to go forward under the extant circumstances, the defendant could be, among other things, (a) dismissed from school, and (b) with a transcript of the proceeding made available to the civilian authorities with the potential for life time adverse collateral consequence, and criminal and in context of a

grossly inequitable proceeding.

29. Unless this hearing is temporarily, preliminarily and permanently enjoined, Doe will, among other things, suffer immediate and irreparable harm.

## COUNT II

### (Declaratory Judgment)

30. Plaintiff incorporates each of the foregoing paragraphs as set forth hereinabove as if set forth herein.

31. The Student Conduct Code does not meet "equitable" statutorily mandated standard established by the Education Act of 1972 and implementing regulatory authorities in cases involving allegations of sexual assault.

### PRAYER FOR RELIEF

WHEREFORE, Doe respectfully prays that the Court:

(1)   forthwith grant the requested temporary restraining order enjoining the holding of the Doe hearing, and without requirement of a monetary bond;

(2)  set this case down for hearing on the preliminary injunction at the earliest possible time, and pursuant to Rule 65a (2), order that trial of this action on the merits be advanced and consolidated with the preliminary injunction hearing.

(3)  issue a declaratory judgment declaring that the Student Conduct Code does not provide for an equitable proceeding respecting an individual charged with a sexual assault.

(4)  Doe is awarded his costs and all such further relief as this Court deems appropriate.

Dated: November 15, 2006

                                                  SHARP & ASSOCIATES

                                                  _____/s/_____
                                                  Stephen W. Grafman (32912)
                                                  William F. Boyer (479421)
                                                  1215 19th Street, NW
                                                  Washington, D.C.  20036
                                                  Tele: (202)467-4114
                                                  Fax: (202) 467-1625

                                                  *Counsel for Plaintiff*

## VERIFICATION

    The verification is adopted and incorporated herein and is on the Schedule to the simultaneously filed Motion for Leave to File Anonymously where the plaintiff has verified the complaint in his true name.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
John Doe

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(see under seal)

## DEFENDANTS
American University
Katura Kurita Belts

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen W. Grafman / William F. Boyer
Sharp & Asso, 1215 19th St NW DC 20036

CASE NUMBER  1:06CV01959

JUDGE: Ricardo M. Urbina

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 11/15/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☒ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other)  OR  ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

— 0 —

| ☐ G. Habeas Corpus/ 2255<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. Employment Discrimination<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. FOIA/PRIVACY ACT<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. Student Loan<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. Labor/ERISA (non-employment)<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. Other Civil Rights (non-employment)<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. Contract<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. Three-Judge Court<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 USC 1681 et seq.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☐ NO  If yes, please complete related case form.

DATE 11/15/06  SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms\js-44.wpd

RECEIVED NOV 15 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT